UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PHILLIP TARVER,<br><br>      Plaintiff,<br><br>  v.<br><br>KEISHA FISHER, et al.,<br><br>      Defendants. | No. 22-cv-0012 (NLH) (AMD)<br><br>OPINION |

APPEARANCE:

Phillip Tarver
1200321/ SBI 344789C
South Woods State Prison
215 South Burlington Road
Bridgeton, NJ 08302

    Plaintiff Pro se

HILLMAN, District Judge

    Plaintiff Phillip Tarver has filed a complaint under 42 U.S.C. § 1983.  ECF No. 1.  For the reasons stated below, the complaint will be dismissed for failure to state a claim.

I.    BACKGROUND

    Plaintiff is a convicted and sentenced state prisoner presently incarcerated in South Woods State Prison, New Jersey.  ECF No. 1.  Petitioner was sentenced on a two-count accusation to a term of "twelve years with 5 ½ years ineligibility, also with 5 years with a 5 year parole ineligibility."  Id. at 6.

1

"Petitioner was sentenced under a six count indictment No. 18-04-00751. The Indictment was dated 4-24-18." Id.

Plaintiff filed a postconviction relief ("PCR") petition in the state courts on July 15, 2019. Id. at 7. The PCR court "concluded Petitioner made a prima facie showing of ineffective assistance of counsel and ordered an evidentiary hearing." Id. at 7. The hearing took place on October 21, 2020. Id. Plaintiff asserts "PCR counsel called retained counsel, appointed counsel and Defendant as witnesses. The state called no witnesses and introduced no evidence." Id.

## II. STANDARD OF REVIEW

Section 1915(e)(2) requires a court to review complaints prior to service in cases in which a plaintiff is proceeding in forma pauperis. The Court must sua sponte dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to sua sponte screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding in forma pauperis.

To survive sua sponte screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). "'A claim has facial plausibility when the plaintiff pleads factual content

2

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Fair Wind Sailing, Inc. v. Dempster, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

III. DISCUSSION

    Plaintiff captions his filing as a motion under Federal Rule of Civil Procedure 60(b), asking the Court "to correct a mistake made at the evidentiary hearing by the trial court and ask[s] this Court to vacate the convictions . . . ." ECF No. 1 at 8. The Court may relieve a party from a final judgment, order, or proceeding based on a "mistake" under Rule 60(b)(1). "Rule 60(b) motions (other than motions under Rule 60(b)(4)) should generally be raised in the rendering court." Budget Blinds, Inc. v. White, 536 F.3d 244, 254 (3d Cir. 2008). Nor can the filing proceed as a new complaint under § 1983 because the Court cannot vacate Plaintiff's state convictions in a federal civil rights action.

    Plaintiff asks this Court to reverse his convictions "based upon Petitioner's showing of prima facie evidence of ineffective assistance of counsel at the PCR hearing and also at the

3

evidentiary hearing, where the state called no witnesses, nor introduced no evidence in opposition." ECF No. 1 at 8.  "A prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement." Aruanno v. New Jersey, 215 F. App'x 157, 158 (3d Cir. 2007).  "[W]henever the challenge ultimately attacks the 'core of habeas' — the validity of the continued conviction or the fact or length of the sentence — a challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition." Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002).

Section 2254 is the federal habeas statute that applies to "a person in custody pursuant to the judgment of a State court[.]"  28 U.S.C. § 2254(a).  The Court declines to convert the present action to a petition under § 2254 because there are significant differences in the filing requirements for § 2254 petitions as well as legal consequences under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 22 U.S.C. § 2244. See Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000).  AEDPA requires a prisoner challenging the legality of a sentence imposed by a state court under § 2254 to include all potential claims in a single, comprehensive petition which must be filed within one year of the date when the judgment of conviction became final.  A § 2254 petition may not be granted unless the

4

prisoner has exhausted the remedies available in the state courts.  28 U.S.C. § 2254(b)(1).

It is not clear to the Court whether Plaintiff is still in the process of challenging his convictions in state court. Plaintiff does not specifically state the outcome of the October 21, 2020 hearing, but the Court presumes the PCR Court denied his PCR petition.  It is not clear whether Plaintiff filed an appeal.  Moreover, Plaintiff may have more claims to present to the Court.  The Court will dismiss the current complaint for failure to state a claim and deny leave to amend because this type of claim cannot proceed under § 1983.  The dismissal is without prejudice to Plaintiff's right to reassert his arguments under § 2254, and the Court will direct the Clerk to mail Petitioner a blank § 2254 habeas petition for any future use.[1]

## IV. CONCLUSION

For the reasons stated above, the Court will dismiss Plaintiff's complaint for failure to state a claim.  Leave to amend will be denied.

An appropriate order follows.

Dated: April 11, 2022                s/ Noel L. Hillman
At Camden, New Jersey                NOEL L. HILLMAN, U.S.D.J.

---

[1] The Court makes no findings as to whether Petitioner has otherwise satisfied § 2254's filing requirements.